The Honorable Steve Schall State Representative P.O. Box 25 Conway, AR 72033-0025
Dear Representative Schall:
This official Attorney General opinion is issued in response to questions you have presented concerning warrant fees.
Your questions are:
 (1) If the city police serve a misdemeanor warrant, can the warrant fee authorized by city ordinance pursuant to A.C.A. § 14-52-202(b)(3) be required to be posted by a defendant at the time of service pursuant to Rule 9.2(d) of the Arkansas Rules of Criminal Procedure?
 (2) If so, is there any conflict with Rule 9.2(d) and A.C.A. § 16-90-113, and with previous Attorney General opinions that have opined that warrant fees cannot be "collected" at the time of service, but rather only when a judgment for costs is entered?
RESPONSE
Question 1 — If the city police serve a misdemeanor warrant, can thewarrant fee authorized by city ordinance pursuant to A.C.A. §14-52-202(b)(3) be required to be posted by a defendant at the time ofservice pursuant to Rule 9.2(d) of the Arkansas Rules of CriminalProcedure?
It is my opinion, as explained more fully below, that a defendant cannot be required to post the warrant fee that is authorized by A.C.A. §14-52-202(b)(3) at the time of service. However, a defendant can bepermitted to post such a fee if a judicial officer has authorized the posting.
Rule 9.2 of the Arkansas Rules of Criminal Procedure states:
 (d) Nothing in this rule shall be construed to prohibit a judicial officer from permitting a defendant charged with an offense other than a felony from posting a specified sum of money which may be forfeited or applied to a fine and costs in lieu of any court appearance.
A.R.Cr.P. 9.2(d).
In using the word "permitting," Rule 9.2 clearly contemplates a situation in which the defendant prefers to post the specified amount rather than appear in court. The rule does not authorize a requirement that the money be posted. Indeed, this office has consistently opined that the warrant fees that are authorized by A.C.A. § 14-52-202(b)(3) cannot be collected at the time of service, but rather, can only be collected after the court has entered a judgment, with costs, against the Defendant. See, e.g.,
Ops. Att'y Gen. Nos. 97-300; 89-241; 89-208. These opinions contemplated situations in which the fee was to be collected against the defendant's will and prior to a judgment with which the defendant disagreed having been rendered against him. Rule 9.2(d) allows for situations in which a defendant opts not to contest the charges against him and agrees to pay the fine and costs without contesting them. The rule allows that in such instances, a judicial officer can authorize the posting of the specified amount prior to the official entry of a judgment. Rule 9.2 does not, however, authorize the imposition of a requirement that the defendant post the specified amount.
Question 2 — If so, is there any conflict with Rule 9.2(d) and A.C.A. §16-90-113, and with previous Attorney General opinions that have opinedthat warrant fees cannot be "collected" at the time of service, butrather only when a judgment for costs is entered?
Because I have opined that Rule 9.2(d) does not authorize a requirement that defendants post the warrant fee at the time of service, it follows that there is clearly no conflict between Rule 9.2(d) and A.C.A. §16-90-113 or between Rule 9.2(d) and previous Attorney General opinions.
As noted, the previous Attorney General opinions addressing this issue have concluded that warrant fees cannot be collected at the time of service. See, e.g., Ops. Att'y Gen. Nos. 97-300; 89-241; 89-208. These opinions were based upon the fact that A.C.A. § 16-90-113, which governs judgments, requires that judgments against defendants include all costs (such as warrant fees). Because these costs must be included in the entry of judgment, it is impermissible for officers to charge such costs prior to judgment. I concur in that position. Indeed, it is my opinion that this position is necessary to meet the constitutional requirement of due process.
However, the concerns of due process are satisfied in a situation where a defendant has notice of the fines and costs imposed upon him and voluntarily opts not to appear in court to contest them. Because I have opined that Rule 9.2(d) applies only to such situations, it creates no conflict with A.C.A. § 16-90-113 or with previous Attorney General opinions.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh